1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11    PETER SZANTO,                                    Case No.:  22-CV-1857 TWR (DEB)

12                              Plaintiff,             **ORDER DENYING WITHOUT**
                                                       **PREJUDICE PLAINTIFF'S** *EX*
13    v.                                               *PARTE* **PETITION SEEKING**
                                                       **PERMISSION TO FILE**
14    BANK OF NEW YORK,                                **ELECTRONICALLY**
      aka Bank of New York Mellon Trust,
15    aka BNY Mellon,
                                                       (ECF No. 5)
16                              Defendant.

17

18          Presently before the Court is Plaintiff Peter Szanto's *Ex Parte* Petition Seeking

19    Permission to File Electronically in the Within Case ("*Ex Parte* Pet.," ECF No. 5).  As an

20    initial matter, the Court agrees with Plaintiff that "[t]he happenstance of graduating from

21    the same university is merely a coincidence and nothing more."  (*See id.* at 2.)

22          As for Plaintiff's request for permission to file electronically in this case, the Court

23    wields considerable discretion pursuant to its inherent power to control its docket.  *See*

24    *Preminger v. Peake*, 552 F.3d 757, 769 (9th Cir. 2008) (citing *Atchinson, Topeka & Santa*

25    *Fe Ry Co. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)); *see also Tanner v. Ida.*

26    *Dep't of Fish & Game*, 2022 WL 1223998, at *1 (9th Cir. Apr. 26, 2022) (affirming district

27    court's denial of electronic filing privileges); *Leon v. Boeing Co.*, 664 F. App'x 613, 616

28    (9th Cir. 2016) ("reject[ing] as meritless [the appellant]'s contention that the district court

erred in denying him permission to file electronically"). Plaintiff notes that he has been permitted to file electronically in other cases, including in this District, and that he "has all of the equipment necessary to file electronically and is trained and well versed in the manner of filing electronically in Federal and state courts." (*See Ex Parte* Pet. at 2–3.) Plaintiff also attests under penalty of perjury that he "has never been reprimanded for any transgression of any court rule of improper filing activity." (*See id.* at 3.)

The Court has some reason to doubt the last of these claims. The Ninth Circuit's Bankruptcy Appellant Panel recently recognized that Plaintiff "is a serial litigant and party to numerous court cases nationwide" and, "[a]mong other courts, he is subject to a vexatious litigant pre-filing review order in the Ninth Circuit Court of Appeals."[1] *In re Szanto* No. OR-22-1012-BFT, 2022 WL 17178502, at *1 (B.A.P. 9th Cir. Nov. 23, 2022) (citing *In re Szanto*, No. 17-80195, (9th Cir. filed Nov. 24, 2017), ECF No. 6); *see also In re Szanto*, No. AP 3:13-05038-GWZ, 2016 WL 3209463, at *1 n.3 (B.A.P. 9th Cir. May 31, 2016) (noting Plaintiff's concession that "the California state court found him to be a vexatious litigant"). Further, the Honorable Christopher B. Latham concluded on July 21, 2022, that Plaintiff had acted in "plain bad faith" by "engag[ing] in a scheme to delay and hinder Chase's efforts to foreclose on 11 Shore Pine Drive, Newport Beach, CA 92657 . . . through multiple bankruptcy filings and other legal proceedings." *See* Order on Motion for Stay Relief (11 USC 362(d)(1)) and In Rem Relief 11 USC 362(d)(4), *In re Szanto*, No. 22-01558-CL11 (Bankr. S.D. Cal. filed July 21, 2022), ECF No. 74. In light of these recent rulings, the jurisdictional doubts the Court harbors regarding this case, and the fact that electronic filing is a privilege, *see* Electronic Case Filing Administrative

/ / /

/ / /

---

[1] For example, Plaintiff is also on the Judicial Council of California's Vexatious Litigant List. *See* https://www.courts.ca.gov/documents/vexlit.pdf; *see also* Order re Motion to Deem Peter Szanto a Vexatious Litigant, Furnish Security, and Enter Prefiling Order, *Szanto v. Szanto*, No. (L.A. Cty. Super. Ct. filed Sept. 23, 2011).

22-CV-1857 TWR (DEB)

Policies and Procedures Manual § 2(b) (noting that default for pro se litigants is paper filing), the Court **DENIES WITHOUT PREJUDICE** Plaintiff's *Ex Parte* Petition.

      **IT IS SO ORDERED.**

Dated:  December 13, 2022

Honorable Todd W. Robinson
United States District Judge

22-CV-1857 TWR (DEB)