UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SZANTO,<br><br>                          Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK,<br>aka Bank of New York Mellon Trust,<br>aka BNY Mellon,<br><br>                          Defendant. | Case No.: 22-CV-1857 TWR (DEB)<br><br>**ORDER (1) SETTING ASIDE CLERK'S ENTRY OF DEFAULT, (2) DENYING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT, AND (3) EXTENDING PLAINTIFF'S DEADLINE TO EFFECT SERVICE OF PROCESS**<br><br>(ECF No. 13) |

Presently before the Court is Plaintiff Peter Szanto's Request for (a) Entry of Court Default Judgment and (b) Order to San Diego County Recorder ("Mot.," ECF No. 13), in response to which the Clerk of the Court entered default on February 16, 2023. (*See generally* ECF No. 14.) Because of the procedural posture of this action, the Motion is unopposed.

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). "First, a party must obtain a clerk's entry of default under Rule 55(a)," and second, "the party may seek

/ / /

entry of default judgment under Rule 55(b)."[1]  *Doe v. Jeffries*, No. 18CV2021-MMA (JMA), 2018 WL 6582832, at *1 (S.D. Cal. Oct. 17, 2018) (citing *Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)).  A court must consider seven factors in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

Through the instant Motion, Plaintiff seeks default judgment in the amount of $51,402 (representing lost rental income of $3,000 per month from November 2021, until February 2023, and the $402 filing fee for opening this action) and an order striking from the San Diego County Recorder's records the May 15, 2020 Assignment of Trust Deed, (*see* ECF No. 13 at 6[2]); November 15, 2022 Notice of Trustee's Sale, (*see* ECF No. 13 at 7); and November 9, 2021 Notice of Default, (*see* ECF No. 13 at 9).  (*See generally* Mot. at 3–4.)  A prerequisite for default judgment, however, is proper service of the summons and complaint on the defendant.  *See e.g.*, *Chambers v. Knight*, No. 18-CV-02906-BAS-BGS, 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("A default may not enter against a defendant unless the plaintiff has properly served the defendant.") (collecting cases).  Here, Plaintiff indicates that service was made on "BANK OF NEW YORK AKA BANK OF NEW YORK MELLON TRUST AKA BNY MELLON" through "PAUL GILLIAM"

---

[1] Here, Plaintiff collapsed the two inquiries into a single motion.

[2] Pin citations to ECF No. 13 refer to the CM/ECF page numbers electronically stamped in the top, righthand corner of each page.

at 240 Greenwich Street, New York, NY 10286, on November 29, 2022, at 3:00 p.m. (*See* ECF No. 6.) Defendant's filings with the California Secretary of State, however, indicate that its registered agent for service of process at all relevant times was "CT CORPORATION SYSTEM." *See* Statement of Information – Corporation, No. BA20220208506 (filed May 12, 2022), *available at* https://bizfileonline.sos.ca.gov/api/report/GetImageByNum/055193204220189255248203015202126017051030130232; *see also, e.g.*, *Brooks v. House of CB USA, LLC*, No. 2:20-cv-1606-JAM-JDP, 2021 U.S. Dist. LEXIS 125705, at *2 n.1 (E.D. Cal. July 2, 2021) (taking judicial notice of a defendant's entity profile from the California Secretary of State's website pursuant to Federal Rule of Evidence 201 in ruling on a motion for entry of default judgment (citing *Gerritsen v. Warner Bros. Entm't, Inc.*, 112 F. Supp. 3d 1011, 1033–34 (C.D. Cal. 2015))).

Because Plaintiff has failed properly to serve Defendant, the Court necessarily **DENIES** Plaintiff's Motion (ECF No. 13) and **SETS ASIDE** the Clerk's Entry of Default (ECF No. 14). *See, e.g.*, *Brooks*, 2021 U.S. Dist. LEXIS 125705, at *3 (setting aside the clerk's entry of default and denying without prejudice the plaintiff's motion for default judgment where the plaintiff failed to show that he had properly served the defendant). The Court further notes that Plaintiff's ninety-day service deadline expires on February 27, 2023. *See* Fed. R. Civ. P. 4(m). The Court may, however, extend this deadline for good cause. *See* Fed. R. Civ. P. 6(b)(1)(A). Here, Plaintiff diligently attempted to effect service on November 29, 2022, (*see* ECF No. 6), the day after he filed his Complaint. (*See* ECF No. 1.) Plaintiff then promptly moved for entry of default. (*See* ECF No. 13.) Good cause appearing, the Court therefore **EXTENDS** Plaintiff's deadline to effect service of process on Defendant by thirty days to March 29, 2023. *Should Plaintiff fail timely to effect service of process on Defendant, the Court may dismiss without prejudice this action pursuant to*

/ / /
/ / /
/ / /
/ / /

*Federal Rule of Civil Procedure 41(a)(2) and Civil Local Rules 4.1(b), 41.1(b), and 83.1(a).*

**IT IS SO ORDERED.**

Dated:  February 21, 2023

_____
Honorable Todd W. Robinson
United States District Judge