CLAUDIA G. SILVA, County Counsel (SBN 167868)
LAURA E. DOLAN, Senior Deputy (SBN 302859)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone (619) 531-5801  Facsimile: (619) 531-6005
Email: laura.dolan@sdcounty.ca.gov
(***Exempt from filing fees per Gov't Code §6103***)

Attorneys for County of San Diego

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SZANTO,<br><br>  Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK, also known as BANK OF NEW YORK MELLON TRUST also known as BNY MELLON,<br><br>  Defendants. | No. 22-cv-1857-TWR-DEB<br>Action Filed: November 28, 2022<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER VACATING AND SETTING ASIDE DEFAULT JUDGMENT DIRECTING THE COUNTY OF SAN DIEGO RECORDER TO EXPUNGE PREVIOUSLY RECORDED DOCUMENTS**<br><br>Date:         October 12, 2023<br>Time:         1:30 p.m.<br>Courtroom:    3A<br>Judge:        Todd W. Robinson<br>Magistrate Judge:  Daniel E. Butcher |

No. 22-cv-1857-TWR-DEB

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  Please take notice that on October 12, 2023 at 1:30 p.m., in Courtroom 3A, in the above entitled Court located at 221 West Broadway, San Diego, CA 92101, County of San Diego ("County") will and hereby does move to vacate and set aside the Default Judgment in a Civil Case entered on July 17, 2023.  The motion will be made pursuant to Federal Rules of Civil Procedure, Rules 55(c) and 60(b); on the grounds that the order was entered against the Recorder as the result of surprise and that the order is void for lack of personal jurisdiction.

This motion will be based on this notice of motion, the accompanying memorandum of points and authorities served and filed herewith, the declaration of David Gonzalez, on the records filed herein, and on such further oral or documentary evidence as may be presented at the hearing of the motion.

DATE: August 7, 2023         CLAUDIA G. SILVA, County Counsel
                             COUNTY OF SAN DIEGO


                             By: /s/Laura E. Dolan
                                LAURA E. DOLAN, Senior Deputy
                             Attorneys for County of San Diego

1

No. 22-cv-1857-TWR-DEB

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  FACTS

On July 19, 2023, Plaintiff, Peter Szanto, appeared at the San Diego County Recorder's Office ("Recorder") to record the Default Judgment entered in the instant matter on July 17, 2023 ("judgment").  See Declaration of David Gonzalez. ¶3 and attached as Exhibit "A" (hereinafter "Gonzalez Decl.").  The judgment is entered by the Clerk and directs the County to expunge the following recorded instruments regarding the Subject Property, 4484 Dulin Place, Oceanside, California, 92057:  the Assignment of Trust Deed (DOC# 2020-0248104, recorded May 15, 2020), the Notice of Trustee's Sale (DOC# 2022-0436985, recorded November 15, 2022), and the Notice of Default and Election to Sell Under Deed of Trust (DOC# 2021-0777114, recorded November 9, 2021) (the "Expunged Documents").

The Recorder recorded the judgment as document number 2023-0189311, as it was required to do under the law.  However, the Recorder did not physically remove or delete any previously recorded documents.  (Gonzalez Decl. ¶3).  Mr. Szanto insisted that the Recorder physically remove the Expunged Documents from their records and argued that the Recorder is in violation of a federal court order by failing to do so.  (Gonzalez Decl. ¶4).  The Recorder explained to Mr. Szanto that the Government Code mandates that the Recorder permanently preserve the record and keep the index.  (Gonzalez Decl. ¶5). The Recorder recorded the judgment as Mr. Szanto requested, which provides notice to the public that the Expunged Documents are void and/or have no effect.  However, the Recorder cannot remove any previously recorded documents or alter its index and would be subject to damages under state law if it were to do so.  (Gonzalez Decl. ¶5).

Mr. Szanto is now threatening legal and/or enforcement action against the County, as a result, the County is seeking to set aside the Default Judgment.  The County was never served with a summons in this case and made no appearance in it.  (Absence in court record.) No notice was provided to or received by the Recorder that Plaintiff sought an order from the court to expunge documents related to the Subject Property.  (Gonzalez Decl. ¶6).

## II. ARGUMENT

Under Federal Rule of Civil Procedure 55(c), a court has the power to set aside a default judgment in accordance with Federal Rule of Civil Procedure 60(b). A court may set aside default judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect," or if "the judgment is void." Fed. R. Civ. P. 60(b).

### A. The Default Judgment is Void for Lack of Personal Jurisdiction Over the County.

A final judgment is "void" for the purposes of Rule 60(b)(4) "only in the rare instance where [it] is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010). More specifically, a default judgment is void where a court lacks personal jurisdiction over the defendants due to insufficient service of process. *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). "There is no discretion to refuse to vacate a judgment if it is void." *Kaczmarczik v. Van Meter (In re Van Meter)*, 175 B.R. 64, 67 (9th Cir. BAP 1994).

The court record in this action reflects that the Recorder was not served with the summons or with any notice that relief was sought to order the Recorder to permanently remove records that were previously recorded. Despite the fact that the County was never named as a party or served with notice of the action, default was entered directing the Recorder to perform an act it is not permitted to under the law. (Gonzalez Decl. ¶7). As a result, the judgment is void and must be vacated.

### B. The Court May Set Aside an Order Obtained Through Surprise.

In cases where a defendant moves to set aside default judgment due to "mistake, inadvertence, surprise, or excusable neglect," the Ninth Circuit has set forward a three-factor test to determine whether to grant defendant's motion: (1) whether plaintiff would be prejudiced if the judgment is set aside, (2) whether defendant has no meritorious defense, or (3) whether defendant's culpable conduct led to the default. *In re Hammer*,

3

940 F.2d 524, 525-26 (9th Cir. 1991); *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

Here, there is no question that the County played no role in the default since it was never served with notice of the action. In addition, there is no prejudice to the Plaintiff if the judgment is set aside because Plaintiff was required and failed to apply to the *court,* rather than the clerk, for relief. Rule 55(b)(1) only authorizes the entry of default by a clerk in the following circumstance:

> the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

"In all other cases", Plaintiff is obligated under Rule 55(b)(2) to apply to the *court* for a default judgment. Plaintiff does not seek a sum certain against the County. Instead, Plaintiff seeks to direct the County to perform an act that the County is not permitted to perform under the law. As a result, Plaintiff was required to apply to the *court* for relief under Rule 55(b)(2).

Finally, had the Recorder received proper notice of the action, the Recorder would have presented a meritorious defense because the clear statutory provisions in the Government Code require that the Recorder permanently preserve recorded documents and keep the index. Gov't Code §§ 26205.5(d), 26205.6(b), and 27230-27265; See also *Hochstein v. Romero*, 219 Cal.App.3d 447, 452 (1990).

**C.   The Recorder Is Mandated to Permanently Preserve Recorded Documents And The Index Of Recorded Documents.**

After recordation, the Recorder may not destroy any original recorded document in his custody unless it is preserved "by *permanent* photographic means". Gov't Code § 26205.6(b) (emphasis added). "[N]o page of any record, paper, or document shall be destroyed if any page cannot be produced on film with full legibility. Every unreproducible page shall be *permanently preserved* in a manner that will afford *easy*

*reference.*" Gov't Code § 26205.5(d) (emphasis added).  For purposes of the preceding section, "every reproduction shall be deemed to be an original record". *Id*.  Moreover, the Recorder may not destroy any original document unless the reproduction is "made as *accessible for public reference* as the original records were." Gov't Code § 26205.5(c) (emphasis added).

The Recorder is liable for damages if he "Records any instrument, paper, or notice, willfully or negligently, *untruly, or in any manner other than that prescribed by this chapter.* Gov't Code § 27203(b) (emphasis added).  He is also liable if he "[a]lters, changes, obliterates or inserts any new matter in any records deposited in his office." Gov't Code § 27203(d).  If the Recorder's conduct is willful, he is liable for treble damages.  Gov't Code § 27203.5.

Likewise, the Recorder cannot alter its index.  "[I]t is not sufficient to merely record the document. California has an 'index system of recording,' and . . . *correct indexing is essential* to proper recordation. [Citations.]" *Hochstein v. Romero*, 219 Cal. App. 3d 447, 452 (1990) (emphasis in original).  "If improperly indexed, it is to be regarded the same as if not recorded at all." *Id.* quoting *Cady v. Purser*, 131 Cal. 552, 558 (1901).  Because of this indexing requirement, for a document to be recorded, it must contain "sufficient information to be indexed as provided by statute…" Gov't Code § 27201(a).

There are a number of indices proscribed by statute that the Recorder "shall keep" for each document that is recorded.  Gov't Code §§ 27230-27256.  In lieu of having several separate indices, the Recorder, as here, may have one general grantor/grantee index wherein all recorded documents are indexed.  Gov't Code § 27257.  When indexing, the Recorder must index the name of the affected party and document title. *Id*.

The indexes compiled are permanent records.  See Gov't Code §§ 27230-27256 ("recorder shall keep" the indexes) and 27265 (only temporary index sheets may be destroyed).  "[N]o page of any record, paper, or document shall be destroyed if any page cannot be produced on film with full legibility.  Every unreproducible page shall be

*permanently preserved* in a manner that will afford *easy reference*." Gov't Code § 26205.5(d) (emphasis added). The foregoing provision applies to "any or all of the filed papers or *record books* created by handwriting, typing on printed forms, by typewriting, or by photographic methods, in the recorder's official custody". Gov't Code § 26205.5 (emphasis added). The statutes refer to the indexes as compiled in books, in the custody of the recorder, and in terms of pages, volumes, and sheets. See Gov't Code §§ 27230, 27231, 27257(b), and 27265.

Clear statutory provisions prescribe that the Recorder shall preserve the records and reference to those records in the index. The Recorder has no more authority to remove the index entries of the documents than he has to destroy recorded documents. The purpose of the index is so a recorded document may be found by easy reference and thereby provide notice. If a document is not indexed it is treated the same as if it were not recorded at all. *Hochstein*, *supra*.

By way of example, a *lis pendens* is withdrawn or expunged by recording a notice of withdrawal ("notice") or order expunging ("order") the *lis pendens*. CCP §§ 405.35, 405.50, 405.60, and 405.61. The notice or order is recorded and indexed pursuant to the appropriate Government Code provisions. Gov't Code §§27201 and 27257. Upon recordation of the notice or order, the *lis pendens*' provisions do not allow for removal of the *lis pendens* from the permanent record or index. CCP §§405 - 405.61. Indeed, to do so would be contrary to the clear statutory provisions in the Government Code to permanently preserve the record and keep the index. Gov't Code §§ 26205.5(d), 26205.6(b), and 27230-27265; See also *Hochstein v. Romero*, 219 Cal.App.3d 447, 452 (1990). The recordation of the notice or order simply has the effect of negating the *lis pendens* that is of record. CCP §405.60.

There is no dispute that the Expunged Documents were previously recorded. As a result, while the Recorder may record a subsequent order deeming those records void (or expunged), the Recorder cannot delete or remove those previously reordered documents from the record, as Plaintiff in this case is demanding.

### III.   CONCLUSION

The order entered to expunge recorded documents is void for lack of personal jurisdiction over the County and was obtained by surprise.  The order should be set aside and vacated either wholly or in part as it relates to the County.

DATE: August 7, 2023                         CLAUDIA G. SILVA, County Counsel
                                             COUNTY OF SAN DIEGO


                                             By: /s/Laura E. Dolan
                                                LAURA E. DOLAN, Senior Deputy
                                             Attorneys for County of San Diego