UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SZANTO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK,<br>aka Bank of New York Mellon Trust,<br>aka BNY Mellon,<br><br>　　　　　　　　　　Defendant. | Case No.: 22-CV-1857 TWR (DEB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE THE COUNTY OF SAN DIEGO'S MOTION FOR ORDER VACATING AND SETTING ASIDE DEFAULT JUDGMENT DIRECTING THE COUNTY OF SAN DIEGO RECORDER TO EXPUNGE PREVIOUSLY RECORDED DOCUMENTS**<br><br>(ECF No. 37) |

　　　　On July 17, 2023, the Court granted Plaintiff's request for default judgment against Defendant Bank of New York and ordered "the San Diego County Recorder to expunge the following recorded instruments regarding the Subject Property, 4484 Dulin Place, Oceanside, California, 92057: the Assignment of Trust Deed (DOC# 2020-0248104, recorded May 15, 2020), the Notice of Trustee's Sale (DOC# 2022-0436985, recorded Nov. 15, 2022), and the Notice of Default and Election to Sell Under Deed of Trust (DOC# 2021-0777114, recorded Nov. 9, 2021) (the "Expunged Documents")." (*See generally* ECF Nos. 32 (Order), 33 (Default Judgment).) On August 7, 2023, the County of San

Diego (the "County") filed a Motion for Order Vacating and Setting Aside Default Judgment Directing the County of San Diego Recorder to Expunge Previously Recorded Documents (the "County's Mot.," ECF No. 35), which is noticed for a hearing on October 12, 2023, on the grounds that "the Recorder cannot remove any previously recorded documents or alter its index and would be subject to damages under state law if it were to do so." (*See id.* at 2.)

Presently before the Court is Plaintiff Peter Szanto's Motion Asking to Strike San Diego County's Scandalous First Filing/Pleading to Set Aside ("Pl.'s Mot.," ECF No. 37), which was filed on August 21, 2023, in response to the County's Motion. Plaintiff seeks "[e]xpedited [c]onsideration" on "an emergency basis" of his Motion, (*see* Pl.'s Mot. at 1–2, 13–15), because the County Recorder's "delay [in expunging the Expunged Documents] . . . causes damages to Plaintiff ([e.g.], by delaying clearing of cloud over title of record and thus hampering any possibility of sale / rental without read of foreclosure." (*See id.* at 2.) Plaintiff also seeks "a fine of $10,000 per day for failure to expunge [the documents] in [the Court's July 17, 2023] ORDER; increasing to $50,000 per day after the first 3 days with further rapid increases until the expungement is complete." (*See id.* at 16.)

Plaintiff's Motion is brought pursuant to Federal Rule of Civil Procedure 12(f), which allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

/ / /

As an initial matter, the Court notes that Rule 12(f) applies only to "pleading[s]," which, as Plaintiff himself recognizes, (*see* Pl.'s Mot. at 1 n.1), the Federal Rules of Civil Procedure define as comprising:

    (1)    a complaint;

    (2)    an answer to a complaint;

    (3)    an answer to a counterclaim designated as a counterclaim;

    (4)    an answer to a crossclaim;

    (5)    a third-party complaint;

    (6)    an answer to a third-party complaint; and

    (7)    if the court orders one, a reply to an answer.

*See* Fed R. Civ. P. 7(a); *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of . . . [R]ule [12(f)], only pleadings are subject to motions to strike."). A court therefore "fails to comply with the policies underlying [Rule] 12(f)" and errs in striking a motion for post-judgment reconsideration "[s]ince the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *See Sidney-Vinstein*, 697 F.2d at 885–86 (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976); A. J. Moore, Moore's Federal Practice ¶ 12.21[l] (1982)). Because it is directed to a post-judgment motion rather than a pleading, the Court necessarily **DENIES** Plaintiff's Motion.

Further, although Plaintiff makes reference to the Rule 12(f) standard, (*see* Pl.'s Mot. at 2), his challenges only conclusorily touch upon it. (*See, e.g.*, *id.* at 12 ("As stated earlier, the **scandal** thus becomes County Counsel thereafter seeking to intermeddle in this case without first seeking it to be reopened (nor making a showing of San Diego County having some stake in the outcome which demonstrates a need for reopening." (emphasis in original)).) Instead, Plaintiff's arguments appear to go to the merits of the County's Motion. For example, Plaintiff contends that (1) the County failed to move to reopen this case, (*see* Pl.'s Mot. at 3–4); (2) the County has no standing to bring its Motion, (*see id.* at

4–6); and (3) the County's arguments are not supported by the law, (*see id.* at 6–12). Such merits-based arguments are appropriately raised in Plaintiff's opposition, which is due on or before September 7, 2023. (*See* ECF No. 36.) The Court therefore **DENIES** Plaintiff's Motion on the alternative and independent basis that Plaintiff has failed to establish that the County's Motion contains "any redundant, immaterial, impertinent, or scandalous matter."

For the above reasons, the Court concludes that Plaintiff has failed to establish that he is entitled to the relief he seeks under Rule 12(f). The Court therefore **DENIES** Plaintiff's Motion (ECF No. 37). *Because Plaintiff's Motion responds timely and substantively to the County's Motion, the Court will construe Plaintiff's Motion as his opposition to the County's Motion if Plaintiff wishes to stand on the arguments raised therein; however, if Plaintiff wishes to file an alternative or supplemental memorandum in opposition to the County's Motion, such response must be filed <u>on or before September 7, 2023</u>, as originally ordered in the Court's August 8, 2023 Order Setting Briefing Schedule (ECF No. 36).*

**IT IS SO ORDERED.**

Dated: August 31, 2023

_____
Honorable Todd W. Robinson
United States District Judge