UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SZANTO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK,<br>aka Bank of New York Mellon Trust,<br>aka BNY Mellon,<br><br>　　　　　　　　　　Defendant. | Case No.: 22-CV-1857 TWR (DEB)<br><br>**ORDER (1) GRANTING DEFENDANT'S RENEWED MOTION TO SET ASIDE DEFAULT JUDGMENT, (2) DENYING AS MOOT THE COUNTY OF SAN DIEGO'S MOTION TO SET ASIDE DEFAULT JUDGMENT, AND (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR CONTEMPT**<br><br>(ECF Nos. 18, 33, 35, 56, 63, 69, 71) |

Presently before the Court is the Renewed Motion to Set Aside Clerk's Default and Default Judgment filed by Defendant Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust[1] ("Def.'s Renewed Mot.," ECF No. 40), filed in response to the Court's November 28, 2023 Order (1) Denying Without Prejudice Defendant's Motion to Set Aside Default Judgment (ECF No. 40 ("Def.'s Prior Mot.")), (2) Deferring Ruling on the County of San Diego's Motion to Set Aside Default

---

[1] Erroneously sued as Bank of New York, aka Bank of New York Mellon Trust, aka BNY Mellon.

Judgment (ECF No. 35 ("Cnty.'s Mot.")), and (3) Denying in Part and Deferring Ruling on in Part Plaintiff Peter Szanto's Motion for Contempt (ECF No. 56 ("Pl.'s Mot.")). (*See* ECF No. 60 (the "Prior Order").) The Court is also in receipt of Plaintiff's Opposition to ("Opp'n," ECF No. 68), Defendant's Reply in Support of ("Reply," ECF No. 70), and Plaintiff's Declaration as Sur-Reply to ("Sur-Reply," ECF No. 71) the Renewed Motion.[2] The Court, the Parties, and non-party the County of San Diego are familiar with the background of this case and the circuitous procedural history that precipitated Defendant's Prior and Renewed Motions and those issues on which the Court deferred ruling in both the County's and Plaintiff's Motions. (*See generally* Prior Order.) Having previously determined that these matters are appropriate for adjudication on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1), (*see* Prior Order at 13), and having carefully reviewed the record, the Parties' arguments, and the relevant law, the Court therefore dispenses with unnecessary repetition and rules as follows:

The Court denied Defendant's Prior Motion to set aside the Clerk's Entry of Default and the Default Judgment entered in this action on March 30, 2023, (*see* ECF No. 18), and July 17, 2023, (*see* ECF No. 33), respectively, on the grounds that "Defendant utterly fail[ed] to address Plaintiff's second service attempt on John Montijo, one of Defendant's California registered corporate agents, on February 22, 2023, or Defendant's failure to act between February 22, and September 19, 2023." (*See* Prior Order at 9.) Defendant now introduces evidence from CT Corporation System ("CT"), its registered agent for service of process, attesting to the fact that CT had no records of receiving any documents from Plaintiff at 330 N. Brand Boulevard, Suite 700, Glendale, California 91203, before December 14, 2023. (*See* ECF No. 63-3 ("Harlow Decl.") ¶¶ 5–6.) Defendant also

---

[2]   Concurrently with his Opposition, Plaintiff filed an *Ex Parte* Application for Relief from Page Limitation as to Response to Bank of New York's 2nd Set Aside Motion (ECF No. 69 ("*Ex Parte* App.")), which seeks an additional two pages. Good cause appearing, the Court **GRANTS** Plaintiff's *Ex Parte* Application and accepts Plaintiff's Opposition as filed. On February 28, 2024, Plaintiff also filed an Application to File Sur-Reply ("Sur-Reply App.," ECF No. 71). The Court also **GRANTS** Plaintiff's Sur-Reply Application and has reviewed Plaintiff's Sur-Reply in assessing Defendant's Renewed Motion.

introduces evidence from one of its own employees that Defendant has no records of receiving any documents mailed by Plaintiff to its 240 Greenwich Street, New York, New York 10007, address between February and August 15, 2023.  (*See* ECF No. 63-4 ("Santucci Decl.") ¶¶ 10–13.)  Based on this record,[3] the Court concludes that Defendant has carried its burden of establishing that its failure to respond to Plaintiff's Complaint was not culpable.  Because Defendant has now met its burden as to all three of the factors articulated in *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984), (*see* Prior Order at 6–9), the Court concludes that Defendant has demonstrated good cause to set aside both the Clerk's Entry of Default and the Default Judgment entered in this action.  *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011).  The Court therefore **GRANTS** Defendant's Renewed Motion (ECF No. 63) and **ORDERS** the Clerk of Court to (1) vacate the Default Judgment (ECF No. 33), (2) set aside the Clerk's Entry of Default (ECF No. 18), and (3) reopen this action.  Accordingly, Defendant **SHALL RESPOND** to Plaintiff's Complaint (ECF No. 1) within twenty-one (21) days of the electronic docketing of this Order.  Having granted Defendant's Renewed Motion, the Court **DENIES AS MOOT** the County's Motion (ECF No. 35) and, consequently, **DENIES AS MOOT** Plaintiff's Motion to the extent it sought to hold the County in contempt.

   **IT IS SO ORDERED.**

Dated:  March 4, 2024

_____
Honorable Todd W. Robinson
United States District Judge

---

[3]   Defendant intimates, based on a recent indictment filed against Plaintiff in the United States District Court for the District of Wyoming for false statement in a bankruptcy proceeding in violation of 18 U.S.C. § 152(2), bankruptcy fraud in violation of 18 U.S.C. § 157, and false declaration in a bankruptcy in violation of 18 U.S.C. § 1519, (*see* ECF No. 63-2 ("RJN Ex. 1")), that the proofs of service Plaintiff filed in this action at ECF Nos. 16, 19, 21, 23, 24, 28-1, 29, 30, and 34 were false, fraudulent, and/or perjurious.  (*See, e.g.*, Def.'s Renewed Mot. at 14.)  To be clear, in finding that Defendant has carried its burden of establishing that it never received any of the documents purportedly served on it by Plaintiff in this action, the Court makes no determination as to whether Plaintiff served the documents in question or the legitimacy of the proofs of service Plaintiff filed in this case.  Accordingly, the Court **DENIES AS MOOT** Defendant's Request for Judicial Notice (ECF No. 63-2).